**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TATO NUGROHO, | No. 08-74895 |
| Petitioner, | Agency No. A095-635-777 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2012[**]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Tato Nugroho, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review de novo legal determinations and for substantial evidence factual findings.  *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We grant the petition for review, and we remand.

The agency found Nugroho's asylum application untimely and found he failed to establish changed or extraordinary circumstances excusing the delay.  The record supports the agency's finding that Nugroho's discovery of asylum through compliance with special registration did not excuse his failure to meet the filing deadline.  *See* 8 C.F.R. § 1208.4(a)(4), (5).  However, the record shows that the death threats from Jemaah Islamiah after Nugroho left Indonesia for the United States constitute changed circumstances.  *See* 8 C.F.R. § 1208.4(a)(4); *Vahora v. Holder*, 641 F.3d 1038, 1042-47 (9th Cir. 2011) (mistreatment and fear of persecution before coming to United States did not preclude showing of changed circumstances based on subsequent incidents, including disappearance of family members and destruction of petitioner's home, which materially affected his ability to show a well-founded fear of persecution).  Accordingly, we grant the petition with respect to Nugroho's asylum claim and remand for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

08-74895

With respect to withholding of removal, substantial evidence supports the agency's determination that the harm Nugroho experienced during the riots, as a Muslim shopkeeper, including the loss of his business, was not on account of a protected ground. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000) (petitioner did not establish attack "was anything more than an act of random violence during a period of significant strife"). However, the record compels the conclusion that, considered cumulatively, the incidents related to Nugroho's perceived apostasy rose to the level of persecution. *See Krotova v. Gonzales*, 416 F.3d 1080, 1084-87 (9th Cir. 2005) (cumulative effect of economic pressure, physical violence, and serious restriction on ability to practice religion showed past persecution); *Ahmed v. Keisler*, 504 F.3d 1183, 1194 (9th Cir. 2007) (cumulative effect where petitioner was physically harmed at different times over a period of years showed past persecution). Further, with respect to future fear, the BIA erred in discounting Nugroho's evidence of specific targeting and in referring, without record support, to general tensions between perceived apostates and more orthodox Muslim groups. Accordingly, we grant the petition with respect to Nugroho's withholding of removal claim, and we remand for further proceedings consistent with this disposition, including, if appropriate, the application of the presumption of future persecution. *See* 8 C.F.R. § 1208.16(b)(1)(i); *Ventura*, 537 U.S. at 16-18.

3                                                                      08-74895

On remand, in light of the conclusions above, the agency should also reassess Nugroho's CAT claim.

**PETITION FOR REVIEW GRANTED; REMANDED.**